IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| Vincent Yap | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| John Doe, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| <284.com>, <717.com>, <1588.com> | ) | |
| | ) | |
| Defendants | ) | |

<u>Verified Complaint</u>

Comes Now the Plaintiff, Vincent Yap (hereinafter Yap), by and through his counsel, and files this complaint against John Doe (Defendant Doe) and <284.com>, <717.com>, <1588.com> Defendant Domain Names.

## I.   <u>Nature of The Suit</u>

1.      The Plaintiff's claims in this action involve the theft of intellectual property by computer hacking, commonly referred to as "domain name theft."  To recover his valuable intellectual property, the Plaintiff asserts an *in* rem claim pursuant to the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d),  as well as claims pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Declaratory Judgment Act, 28 U.S.C. § 2201, the Electronic Communications Privacy Act, 18 U.S.C. § 2701, 2707 as well claims for Tortious Interference with Contractual Relationships, and Conversion arising from the unauthorized access to Yap's secured registrar account and the unauthorized transfer and theft of the <284.com>, <717.com>, <1588.com> domain names.

1

2.      The Plaintiff is seeking injunctive and other equitable relief as a result of the actions of the Defendant John Doe (the thief) who somehow gained unauthorized access to the Plaintiff's GoDaddy registrar account on a protected computer, and used this access to transfer control of the Defendant Domain Names from the Plaintiff's account and therefore disabled the Plaintiff's ability to use and control his domain names causing irreparable injury to the Plaintiff.

3.      The Plaintiff seeks, among other relief, a declaration that he, to the exclusion of all others, is the true owner of the Defendant Domain Names <284.com>, <717.com>, <1588.com.>

## II.      **The Parties**

4.      The Plaintiff, Vincent Yap is a Natural Person and a citizen of China with an address of Tower 2-29-06, M City Ampang, No. 326, Jalan Ampang, 50450 Kuala Lumpur, Malaysia.

5.      Upon information and belief John Doe is an individual, although his true identify is unknown as the Defendant.  The WHOIS records for the Defendant Domain Names <284.com>, <717.com>, <1588.com> post-theft do not contain a registrant name or address, either postal or email, to conceal the Defendant's true identity.  (See Exhibit 1 a-c, current WHOIS records <284.com>, <717.com>, <1588.com>.)

6.      The Defendant Domain Names are <.com> domain names for which the Registry is Verisign, Inc., located at 21355 Ridgetop Circle, Lakeside III, Dulles, Virginia 20166 within this Court's judicial district.

### III.   <u>Jurisdiction and Venue</u>

7.      This action arises out of Defendant Doe's violation of the Anticybersquating

Consumer Protection Act, 15 U.S.C. § 1125(d), the Computer Fraud and Abuse Act, 18 U.S.C. §

1030, the Electronic Communications Privacy Act, 18 U.S.C. 2701 and Virginia common law

claims all arising out of the same set of operative facts.

8.      This Court has original jurisdiction pursuant to 28 U.S.C. §1221(a) and 28 U.S.C.

§ 1331 and 1338(a) and has *in rem* jurisdiction over the Defendant Domain Names pursuant to

15 U.S.C. § 1125(d)(2)(A) insofar as the registry for <.com> domain names, Verisign, Inc., is

located within this judicial district.  This Court has jurisdiction over the remaining claims set

forth pursuant to 28 U.S.C. § 1367 as all of the claims arise out of the same set of operative facts

and form part of the same case and controversy.

9.      Venue is proper in this district pursuant to 15 U.S.C. § 1125(d)(2)(C) as the

subject registry, Verisign, Inc., has its principal place of business in this judicial district.  Venue

is further proper pursuant to 28 U.S.C. § 1391(b)(2) as the subject of the action resides in this

judicial district.

10.      Defendant John Doe directed the acts complained of towards the district and

utilized instrumentalities which reached into the district in that he gained unauthorized access to

the Plaintiff's registrar account and associated computer records, on a secure computer, and

thereafter, without authorization, caused the domain names registration records maintained by

Verisign, Inc. in this District for the Defendant Domain Names to be altered so as to transfer

control of the Defendant Domain Names away from the Plaintiff.

11.      The Declaratory Judgment Act, 28 U.S.C. § 2201 provides for a declaration of the

rights of the Plaintiff in this matter.

IV.   **Notice**

12.    Pursuant to the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), notice of the filing of this Complaint is being sent to Defendant Doe at the email address listed on the registration record as no postal address is provided on the WHOIS records, along with a request to waive service pursuant to Federal Rule of Civil Procedure 4(d).

13.    The Plaintiff is providing such notice contemporaneously with the filing of this Complaint.   Pursuant to 15 U.S.C. § 1125(d)(A)(ii)(II)(bb), the Plaintiff will promptly publish notice of this action as the Court may direct after filing of this Complaint.

14.    This Court's jurisdiction over the additional claims is proper pursuant to 15 U.S.C. § 1125(d)(3) and (4).

15.    Joinder of the Defendant Domain Names is proper under Federal Rule of Civil Procedure 20(a)(2) in that the claims set forth herein arise out of the same set of operative facts and the questions of law are common as to all claims and Defendants.

V.   **Factual Background**

16.    The Defendant Domain Names were acquired by the Plaintiff as described below:

a.    284.com was purchased by the Plaintiff on February 23, 2018 and as of June 4, 2018 was renewed through May 3, 2021 with continuing auto-renew.

b.    717.com was purchased by the Plaintiff on January 23, 2018 and as of January 30, 2018 was renewed through February 6, 2025 with continuing auto-renew.

c.    1588.com was purchased by the Plaintiff on June 30, 2018 and as of July 14, 2018 was renewed through January 17, 2024 with continuing auto-renew.

(See Exhibit 2, Declaration of Vincent Yap ¶ 2 (hereinafter Yap Dec.)

17.     The Plaintiff obtained the Defendant Domain Names as part of his business involving the purchase and sale of domain names for profit making the domain names a fungible good of value which he uses in commerce. (See Exhibit 2, Yap Dec. ¶ 3.)

18.     The Defendant Domain Names are extremely valuable, and their loss has deprived the Plaintiff of the ability to sell the domain names.  The Defendant Domain Names have a combined value of approximately one million, five hundred thousand dollars ($1,500,000).  (See Exhibit 2, Yap Dec. ¶ 4.)

19.     The Plaintiff controlled his domain names through three email address: teohnianchiang1997@gmail.com (for <284.com>), chanpeiyin92@gmail.com (for <717.com>), and ganjunepall1985@gmail.com (for <1588.com>).  (See Exhibit 2, Yap Dec. ¶ 5.)

20.     The Plaintiff's registrar account is maintained on a protected computer system and access to the account should be restricted to only that person with the Plaintiff's username and password. (See Exhibit 2, Yap Dec. ¶ 6.)

21.     Defendant Doe somehow gained access to the Plaintiff's registrar account at an unknown time on or before March of 2021 and subsequently changed the records for each of the Defendant Domain Names diverting control of the Defendant Domain Names from the Plaintiff to Defendant Doe without authorization.  (See Exhibit 2, Yap Dec. ¶ 7.)

22.     Defendant Doe used the hijacked control of the Plaintiff's registrar account to take control of the Defendant Domain Names.

23.     Defendant Doe used this unauthorized control to change the registration record on a secure computer for the Defendant Domain Names.

24.     At some point on or before March of 2021, Defendant Doe accessed, without authorization, a computer which is used in or affecting interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce.

25.     Defendant Doe used his unauthorized access to the Plaintiff's domain registration account to transfer control of the Defendant Domain Names away from the Plaintiff.

26.     Upon information and belief, Defendant Doe has taken control of the Defendant Domain Names with the intent to sell the Defendant Domain Names and keep the profits for himself.

27.     Yap did not sell or transfer <284.com>, <717.com> or <1588.com.>.  (See Exhibit 2, Yap Dec. ¶ 8.)

28.     Defendant Doe's registration and use of the Defendant Domain Names is without the Plaintiff's authorization.  (See Exhibit 2, Yap Dec. ¶ 9.)

29.     Defendant Doe has provided misleading or incomplete contact information in the domain names registration when changing the registration for the Defendant Domain Names.

30.     Defendant Doe's actions are in violation of the aforementioned rights of the Plaintiff.

## VI.  Causes of Action

### Count I
### Violation of the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d)

31.     The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

32.     The Plaintiff purchased the Defendant Domain Names, has owned them for years, has used them in commerce as part of his business and has common law rights in the mark.

33.     Defendant Doe's actions constitute registration, trafficking, or use of domain names that are identical to the Plaintiff's trademark, with bad faith intent to profit therefrom.

34.     The Plaintiff, because of the actions of Defendant Doe, is being prevented from using and exercising control over the Defendant Domain Names.

35.     The Plaintiff is being harmed through the loss of income, loss of business and loss of business opportunities unless enjoined.

36.     The Plaintiff's business reputation and standing is at risk from posting of improper, illegal, incorrect or otherwise harmful information on the web pages associated with his domain names.

37.     The Plaintiff, despite diligent inquiry, has been unable to obtain the accurate identity of a person subject to this Court's jurisdiction who would have been a defendant in a civil action pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(I).

38.     The above-described conduct of Defendant Doe, registrant of the Defendant Domain Names, constitutes unlawful cybersquatting in violation of the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

39.     The above-described conduct by Defendant Doe has caused, and is causing, great and irreparable harm to the Plaintiff and the public, specifically the potential posting of improper, illegal, incorrect or otherwise harmful information on the web page associated with its domain name.  Unless permanently enjoined by this Court, said irreparable harm will continue. Accordingly, pursuant to 15 U.S. C. § 1125(d)(2)(D)(I), the Plaintiff is entitled to an order transferring the registration of the Defendant Domain Names to the Plaintiff.

**Count II**
**Violation of the Computer Fraud and Abuse Act**

40.     The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

41.     Defendant Doe knowingly and intentionally, and with intent to defraud, accessed the Plaintiff's registrar account on a protected computer without authorization and thereby obtained information from the protected computer in a transaction involving an interstate or foreign communication in violation of 18 U.S.C. § 1030(a)(2)(c) and 18 U.S.C. § 1030(a)(4).

42.     Defendant Doe intentionally accessed the Plaintiff's registrar account on a protected computer without authorization and as a result of such conduct caused damage and loss in violation of 18 U.S.C. § 1030(a)(5)(c).

43.     The Plaintiff has suffered damages as a result of the conduct complained of and such conduct has caused a loss to the Plaintiff during a one-year period aggregating to at least $5,000.

44.     As a direct result of the actions complained of, the Plaintiff has suffered, and continues to suffer, irreparable harm for which the Plaintiff has no adequate remedy at law, and which will continue unless enjoined.

**Count III**
**Claim for Declaratory Judgment**

45.     The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

46.     Plaintiff registered the Defendant Domain Names as alleged above and has, since that time, maintained uninterrupted control over the Defendant Domain Names until stolen by Defendant Doe.

47.     Defendant Doe's actions have taken control of the Defendant Domain Names from Plaintiff without authorization or permission.

48.     Defendant Doe has no legitimate basis to claim a valid ownership interest in <<284.com>, <717.com>, <1588.com.>  (See Exhibit 2, Yap Dec. ¶ 10.)

49.     The Declaratory Judgment Act, 28 U.S.C. § 2201, provides for a declaration of the rights of the Plaintiff in this matter.

**Count IV**
**Violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2701, 2707**

50.     The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

51.     Upon information and belief, Defendant Doe intentionally accessed electronic communications, without authorization, to the Plaintiff's registrar and the communication associated thereto and used such unauthorized access to further control Plaintiff's domain names.

52.     Upon information and belief, Defendant Doe obtained such electronic communications and prevented the Plaintiff's access to such electronic communications while the communications were in electronic storage.

53.     Defendant Doe engaged in such actions knowingly and intentionally in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2701 *et seq*.

9

54.     The Plaintiff has suffered damages as a result of the conduct complained of including loss of the Defendant Domain Names and is entitled to injunctive relief, actual, statutory and/or punitive damages and attorney fees pursuant to Electronic Communications Privacy Act.

## Count V
## Tortuous Interference with Contractual Relationship (Defendant Doe)

55.     The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

56.     The Plaintiff properly entered into a contract with the registrar for the Defendant Domain Names before the Defendant Domain Names was stolen.

57.     Defendant Doe has unlawfully taken control of the Defendant Domain Names, interfering with Plaintiff's lawful contract rights to the Defendant Domain Names.

58.     As a result of the Defendant's acts, the Plaintiff has been damaged and will continue to be damaged.  The Plaintiff requests that this Court declare Defendant Doe liable for his past and any future losses in association with the registration service contract.

## Count VI
## Conversion

59.     The Plaintiff repeats and realleges the previous paragraphs as if set forth in full. Plaintiff has property rights in the Defendant Domain Names.

60.     Defendant Doe has taken control of the Defendant Domain Names and is wrongfully exercising control and authority over the Defendant Domain Names.

61.     The control and authority exercised by Defendant Doe deprives the Plaintiff of control and the income and business generated from the Defendant Domain Names.

62.     Defendant Doe is wrongfully exerting dominion over the Plaintiff's property in denial of his rights.

## Count VII
## <u>Quiet Title</u>

63.     The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

64.     The Plaintiff has valid legal and equitable title to the Defendant Domain Names by virtue of his registration and ownership of the domain names.

65.     The Defendant Domain Names were stolen from the Plaintiff and no subsequent registrant may acquire valid title to the domain name, whether or not any such registrant purports to be a bone fide purchaser.

66.     Through control of the Defendant Domain Names, Defendant Doe has asserted a claim to the Defendant Domain Names that impedes the Plaintiff's ownership and control of the domain names and constitutes a cloud on the Plaintiff's title to the domain names.

67.     The Plaintiff is entitled to a declaration from the Court that he is the lawful owner and registrant of the Defendant Domain Names and that there are no other valid claims against the title to the Defendant Domain Names.

WHEREFORE, The Plaintiff respectfully requests of this court:

I.     That judgment be entered in favor of the Plaintiff against Defendant Doe on his claims for violation of the Computer Fraud and Abuse Act; and

II.     That judgment be entered in favor of the Plaintiff for his claims of violation of the Anticybersquating Consumer Protection Act; and

III.    That judgment be entered in favor of the Plaintiff on his claims of tortious interference with contractual relationship; and

IV.    That judgment be entered in favor of the Plaintiff on his conversion claim; and

V.    That judgment be entered in favor of the Plaintiff on his claim for violation of the Computer Fraud and Abuse Act; and

VI.    That judgment be entered in favor of the Plaintiff on his claim for violation of the Computer Fraud and Abuse Act; and

VII.    That judgment be entered in favor of the Plaintiff on his claim for violation of the Electronic Communications Privacy Act; and

VIII.    Enter an order declaring that Vincent Yap is the only entity with any rights to the contract controlling the Defendant Domain Names <284.com>, <717.com>, <1588.com> and

IX.    Enter an order declaring that Defendant Doe does not have any rights to the Defendant Domain Names <284.com>, <717.com>, <1588.com>; and

X.    Enter an order directing that the Defendant Domain Names <284.com>, <717.com>, <1588.com> be promptly transferred to the Plaintiff; and

XI.    Enter an Order directing Verisign to promptly return control of the Defendant Domain Names <284.com>, <717.com>, <1588.com>, to Vincent Yap and the registrar as directed by counsel for the Plaintiff; and

XII.    That the Court grant such other relief to the Plaintiff as the Court deems just and proper.

XIII.    Award the Plaintiff his fees and costs, including reasonable attorney fees, in connection with this action pursuant to 15 U.S.C. § 1117(a); and

XIV. Award the Plaintiff actual, statutory and/or punitive damages as well as attorney fees pursuant to the Electronic Communications Privacy Act; and

XV.  That the Court grant such other relief to the Plaintiff as the Court deems just and proper.

Respectfully submitted,

Vincent Yap
By Counsel

Jonathan Westreich, Esq.
VSB No. 37393
Greenberg & Lieberman, LLC (of counsel)
604 Cameron Street
Alexandria, Virginia 22314
703-299-9050 / fax: 703-548-1831
jonathan@westreichlaw.com

Stevan Lieberman, Esq.
(not admitted in Virginia)
Greenberg & Lieberman, LLC
1775 Eye Street NW, Suite 1150
Washington DC, 20006
202-625-7000
stevan@aplegal.com

Counsel to the Plaintiff

Verification

I, Vincent Yap, am the Plaintiff in the above captioned action.  I declare under penalty of perjury that I have read the foregoing Complaint and that all factual statements contained in the complaint are true and correct to the best of my knowledge, information, and belief.  I neither read nor write English.  Before I signed this certificate, I had the complaint and this certificate translated into Chinese, my native language, by a translator upon whom I rely, to ensure that I understand the statements above.  I only signed this verification after I satisfied myself that the statements are true and correct to the best of my knowledge, information, and belief.

Vincent Yap                          Date

14