IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| VINCENT YAP, | ) |
|               Plaintiff, | ) |
| v. | ) Civil Action No. 1:22cv0170 (AJT/JFA) |
| JOHN DOE,<br>284.COM,<br>717.COM,<br>1588.COM, | ) |
|               Defendants. | ) |

**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

This matter is before the court on plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 8). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

**Procedural Background**

On February 17, 2022, plaintiff filed a seven-count verified complaint against three domain names, 284.COM, 717.COM, 1588.COM ("Defendant Domain Names"), and an individual, John Doe. (Docket no. 1). The complaint asserts an *in rem* claim under the Anti-Cybersquatting Consumer Protection Act ("ACPA"), a claim for declaratory judgment, and *in personam* claims under the Computer Fraud and Abuse Act ("CFAA"), the Electronic Communications Privacy Act ("ECPA"), and Virginia common law. (Docket no. 1). On February 17, 2022, plaintiff also moved for service by publication. (Docket no. 2). The court granted the motion on February 18, 2022 and entered an order requiring plaintiff to publish

1

notice of this action. (Docket no. 5). Plaintiff arranged for publication of notice of the action in *The Washington Times* on February 22, 2022. (Docket no. 6-2).

On March 15, 2022, plaintiff requested an entry of default against the defendants, which the Clerk of the Court entered on March 16, 2022. (Docket nos. 6, 7). On March 16, 2022, plaintiff filed this motion for default judgment, a memorandum in support, and a notice of hearing for Friday, March 25, 2022 at 10:00 a.m. (Docket no. 8–10). As set forth in the motion for default judgment, plaintiff seeks a default judgment against defendants on any of the claims asserted in his complaint and an order changing the registrar of record for the Defendant Domain Names to plaintiff's registrar of choice and registering them in plaintiff's account. (Docket no. 8). Plaintiff also seeks an award of attorney's fees and costs. (Docket no. 8). Upon the Court granting plaintiff judgment on any of the claims for relief asserted in the complaint, plaintiff requests that any remaining claims be dismissed without prejudice. (Docket no. 8). At the hearing on March 25, 2022, counsel for plaintiff appeared, but no one appeared on behalf of any of the defendants.

### Factual Background

The following facts are established by the complaint. (Docket no. 1) ("Compl."). Plaintiff purchased the Defendant Domain Names in 2018 and renewed them with continuing auto-renew. (Compl. ¶ 16). Plaintiff obtained the Defendant Domain Names as part of his business involving the purchase and sale of domain names for profit. (Compl. ¶ 17). Plaintiff asserts that the Defendant Domain Names have a combined value of approximately one million, five hundred thousand dollars ($1,500,000). (Compl. ¶ 18). Plaintiff maintains his registrar account on a protected computer system with restricted access requiring plaintiff's username and password. (Compl. ¶ 20). At some unknown point during or before March 2021, defendant Doe

gained unauthorized access to plaintiff's registrar account and changed the registration records to take control of the Defendant Domain Names. (Compl. ¶¶ 21–24). Defendant Doe transferred control of the Defendant Domain Names away from plaintiff without authorization and with the intent to sell them and keep the profits for himself. (Compl. ¶¶ 25–26). Plaintiff did not sell or transfer the Defendant Domain Names, and defendant Doe's registration and use of the domain names is without plaintiff's authorization. (Compl. ¶¶ 27–28). Defendant Doe registered the Defendant Domain Names using misleading or incomplete contact information. (Compl. ¶¶ 28–29).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on the failure to plead or otherwise defend against this action, the Clerk of Court has entered a default as to the defendants. (Docket no. 7).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

## Jurisdiction and Venue

A court must have both subject matter jurisdiction and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff has asserted seven causes of action: (1) violation of the ACPA (15 U.S.C. § 1125(d)), (2) violation of the CFAA (18 U.S.C. § 1030(a)), (3) a claim for declaratory judgment, (4) violation of the ECPA (18 U.S.C. §§ 2701, 2707), (5) an action for tortious interference with contractual relationship, (6) an action for conversion, and (7) a quiet title action as to lawful ownership of the Defendant Domain Names. (Compl. ¶¶ 31–67). Plaintiff alleges that this court has jurisdiction pursuant to 15 U.S.C. § 1121(a) (federal trademark actions),[1] 28 U.S.C. §§ 1331 (federal question), 1338(a) (civil actions relating to trademarks), and § 1367 (supplemental jurisdiction). (Compl. ¶ 8).

Plaintiff alleges that this court has *in rem* jurisdiction over the Defendant Domain Names pursuant to 15 U.S.C. § 1125(d) because the registry for the Defendant Domain Names, VeriSign, is located in this district. (Compl. ¶ 8). Plaintiff also alleges that defendant John Doe "directed the acts complained of towards the district and utilized instrumentalities which reached into the district" to gain access to plaintiff's registrar account without authorization and to transfer control of the Defendant Domain Names away from plaintiff. (Compl. ¶ 10).

Plaintiff alleges that venue is proper in this district pursuant to 15 U.S.C. § 1125(d)(2)(C) because VeriSign maintains its principal place of business in this district. (Compl. ¶ 9). Plaintiff also alleges that venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the subject of the action resides in this district. (Compl. ¶ 9).

---

[1] Plaintiff alleges in his complaint that jurisdiction is proper under 28 U.S.C. § 1221(a) (Compl. ¶ 8), but this appears to be a typo, as there is no such provision of the United States Code.

Given the uncontested allegations that the Defendant Domain Names are located in this district and that defendant John Doe transferred control of them away from plaintiff without authorization, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has *in rem* jurisdiction over the Defendant Domain Names, that the court has *in personam* jurisdiction over defendant John Doe, and that venue is proper in this court.

## Service

Due process requires that service be reasonably calculated to give a defendant "actual notice of the proceedings and an opportunity to be heard." *Milliken v. Meyer*, 311 U.S. 457, 463 (1940). Service of process is governed generally by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(n)(1) provides that the court may assert jurisdiction over property if authorized by a federal statute. Notice to claimants of the property must be given as provided in the statute or by serving a summons under the rule. Fed. R. Civ. P 4(n)(1). Under 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), if the court finds that the owner of a trademark through due diligence was not able to find a person who would have been a defendant for violating any right of the owner of a mark protected under subsections (a) or (c), a plaintiff may publish a notice of the action as directed by the court.

On February 17, 2022, plaintiff moved for notice by publication. (Docket no. 2). On February 18, 2022, this court granted plaintiff's motion for publication and directed him (1) to publish a notice in *The Washington Times* once within fourteen (14) days after the entry of the order, and (2) serve defendant John Doe by email and publication of the notice. (Docket no. 5).

Plaintiff published a notice in *The Washington Times* on February 22, 2022.[2] (Docket no. 6-2). Based on the foregoing, the undersigned magistrate judge recommends a finding that service of process has been accomplished as required by due process and as set forth in 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb).

### **Grounds for Entry of Default**

In accordance with Federal Rule of Civil Procedure 12(a) and the notice published in *The Washington Times*, anyone making a claim to the Defendant Domain Names was required to file a responsive pleading by March 15, 2022, twenty-one (21) days after notice of the action was published. No responsive pleading has been filed, no other claims were filed, and the time for doing so has since expired. On March 15, 2022, plaintiff requested an entry of default, and the Clerk of Court entered a default on March 16, 2022. (Docket nos. 6, 7).

For the reasons stated above, the undersigned magistrate judge recommends a finding that service of this action was proper and that no one has filed a responsive pleading or made a timely claim to the Defendant Domain Names, and that the Clerk of Court properly entered a default as to defendants.

### **Liability**

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Given that a default has been entered, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6). While the complaint alleges seven claims against the defendants, plaintiff's requested

---

[2] Plaintiff indicated in his memorandum in support of his motion for default judgment that Defendant Doe was also served by email. (Docket no. 9 at 2).

relief is the same for each count. Accordingly, this report and recommendation focuses only on the ACPA and CFAA claims contained in Counts I and II of the complaint.

### A. ACPA Claim

Plaintiff has not established a violation of the ACPA. The ACPA provides a civil right of action for the owner of a trademark against any party who has a bad faith intent to profit from that mark and who registers, traffics in, or uses a domain name that is identical to, confusingly similar to, or dilutive of the mark. 15 U.S.C. § 1125(d)(1)(A); *see also People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001). A necessary predicate to an ACPA action is that a plaintiff has a protectable interest in a trademark. *See Wagner v. lindawagner.com*, 202 F. Supp. 3d 574, 580–81 (E.D. Va. 2016). As a remedy to an ACPA violation, the court may order the forfeiture or cancellation of an infringing domain name or order it transferred to the trademark owner. 15 U.S.C. § 1125(d)(1)(C).

Plaintiff is not entitled to relief under the ACPA because he has not established that he has trademark rights to the Defendant Domain Names. As an initial matter, plaintiff does not contend that he has registered the Defendant Domain Names with the United States Patent and Trademark Office. Instead, plaintiff argues that he has established common law trademark rights in the Defendant Domain Names based on his use of the Defendant Domain Names "in commerce to promote his business involving the purchase and sale of domain names for profit." (Docket no. 9 at 3). Common law trademark ownership rights are established by "actual use of the mark in a given market." *Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 267 (4th Cir. 2003). A party may assert a protectable interest in an unregistered trademark only if the mark is (1) used in commerce, and (2) sufficiently distinctive. *Int'l Bancorp, LLC v. Societe des Bains de Mer et du Cercle des Estrangers a Monaco*, 329 F.3d 359, 363 (4th Cir.

7

2003). Plaintiff's complaint alleges only that his use of the Defendant Domain Names in connection with his business of buying and selling domain names makes the Defendant Domain Names "a fungible good of value which he uses in commerce." (Compl. ¶ 17). This is insufficient to establish actual use in a given market. *See Emergency One, Inc.*, 332 F.3d at 267. Plaintiff has not alleged that the Defendant Domain Names have generated him any revenue or that he has used them to promote an ancillary business. Nor has he alleged any facts that would establish that the Defendant Domain Names are distinctive. *See Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4, 9 (4th Cir. 1976) (observing that terms that are generic or merely descriptive are not entitled to common law trademark protections). Plaintiff's alleged ownership alone of the Defendant Domain Names and his claim that they are worth $1,500,000 does not entitle him to common law trademark protections. *See Int'l Bancorp, LLC*, 329 F.3d at 364 ("The right to a particular mark grows out of its use, not its mere adoption.") (quoting *United Drug Co. v. Theodore Rectanus Co.*, 248 U.S. 90, 97) (1918)). For this reason, the undersigned recommends a finding that plaintiff has not established a violation of the ACPA.[3]

### B. CFAA Claim

Plaintiff has pled facts sufficient to establish a violation of the CFAA. The CFAA is a federal statute aimed at deterring computer hackers from gaining access to electronic data without authorization. *See A.V. ex rel. Vanderhye v. iParadigms, LLC*, 562 F.3d 630, 645 (4th Cir. 2009). It imposes criminal liability on an individual who "intentionally accesses a computer without authorization" and obtains "information from any protected computer." 18 U.S.C. § 1030(a)(2)(C). The CFAA also prohibits an individual from knowingly, and with intent to

---

[3] Because plaintiff does not enjoy trademark rights to the Defendant Domain Names, the court need not determine whether defendant Doe had a bad faith intent to profit from their use. *See Wagner*, 202 F. Supp. 3d at 580–81.

8

defraud, accessing a protected computer without authorization and obtaining anything of value greater than five thousand dollars ($5,000). 18 U.S.C. § 1030(a)(4). A "protected computer" is one that "is used in or affecting interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States." 18 U.S.C. § 1030(e)(2)(B). Although primarily a criminal statute, the CFAA also creates a private right of action for damages or injunctive or other equitable relief for a plaintiff who has suffered damage or loss in excess of $5,000 in value. 18 U.S.C. § 1030(c)(4)(A)(i)(I), (g); *see also A.V. ex rel. Vanderhye*, 562 F.3d at 646 (noting that the "damage or loss" provision should be interpreted broadly).

The facts alleged in the complaint support a finding that defendant John Doe violated the CFAA. At some point during or before March 2021, defendant Doe accessed, without authorization, a protected computer (*i.e.* one used in or affecting interstate or foreign commerce or communication). (Compl. ¶ 24). Defendant Doe then gained access to plaintiff's registrar account—which is maintained on a protected computer and restricted using a username and password—and took control of the Defendant Domain Names by changing their registration records. (Compl. ¶¶ 20–23). The loss of the Defendant Domain Names has prevented plaintiff from being able to sell them, and he alleges that they have a combined value of $1,500,000. (Comp. ¶ 18). Because Defendant Doe intentionally accessed a protected computer without authorization and obtained information from a protected computer, and because this conduct deprived plaintiff of the ability to sell the Defendant Domain Names, which are valued at greater than $5,000, the undersigned recommends a finding that defendant Doe violated the CFAA. *See* 18 U.S.C. § 1030(a)(2)(c), (a)(4).

### Relief

In this action, plaintiff seeks an order changing the registrar of record for the Defendant Domain Names to plaintiff's registrar of choice and registering them in plaintiff's account.[4] (Docket no. 8). Upon the Court granting plaintiff judgment on any of the claims for relief asserted in the complaint, plaintiff requests that any remaining claims be dismissed without prejudice. (Docket no. 8). Pursuant to 18 U.S.C. § 1030(g), this court may grant injunctive or other equitable relief to remedy a violation of the CFAA. Given that plaintiff has established a violation of the CFAA, the undersigned recommends the entry of an order requiring the registry for the Defendant Domain Names to change the registrar of record for the Defendant Domain Names to plaintiff's designated registrar and requiring the registrar to register them in plaintiff's account.

### Conclusion

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of Vincent Yap and against 284.COM, 717.COM, 1588.COM, and defendant John Doe, pursuant to Count II of the Complaint alleging a violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030(a)). The undersigned recommends that it be ordered that VeriSign, Inc., the registry for the Defendant Domain Names, change the registrar of record for domain names 284.COM, 717.COM, and 1588.COM to plaintiff's choice of registrar and that the registrar register the domain names in plaintiff's account. The undersigned further recommends that plaintiff's remaining claims be dismissed without prejudice.

---

[4] Plaintiff also seeks an award of attorney's fees and costs, but he has not provided any documentation in support of this request, and he has not identified an adverse party against whom such an award could be assessed. For these reasons, the request is premature.

## Notice

The parties are notified that objections to this proposed finding of fact and recommendations must be filed within fourteen days of service of this proposed finding of fact and recommendations. The failure to file timely objections waives appellate review of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed finding of fact and recommendations. Plaintiff's counsel shall send a copy of this proposed findings of fact and recommendations to the Domain Name Defendants and to the registry VeriSign, Inc. Plaintiff's counsel shall file a notice indicating the date on which the required notice was given and the fourteen-day period for serving objections will be calculated from the date plaintiff's counsel certifies the notice was sent.

ENTERED this 25th day of March, 2022.

/s/
John F. Anderson
~~United States Magistrate Judge~~
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia