IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| VINCENT YAP,<br><br>　　Plaintiff,<br><br>v.<br><br>JOHN DOE<br><br>and<br><br>284.COM, 717.COM, and 1588.COM<br><br>　　Defendants. | Civil Action No. 1:22-cv-170 (AJT/JFA)<br><br>**DEFENDANT 717.COM'S MOTION TO DISMISS**<br><br>Complaint filed: February 17, 2022 |

## DEFENDANT 717.COM'S MOTION TO DISMISS

On February 17, 2022, Plaintiff filed this action against John Doe and three *res* defendants, 284.com, 717.com, and 1588.com, alleging violations of the ACPA, Computer Fraud and Abuse Act ("CFAA"), Electronic Communications Privacy Act, tortious interference, conversion, and claims for quiet title and declaratory judgment. Dkt. No. 1. In the Complaint, Plaintiff alleges that the domains were stolen from a secured account by an unknown party, and seeks, *inter alia*, transfer of the domains. The Complaint does not attach any evidence of Plaintiff's former ownership of any of the three domains, other than Plaintiff's own declaration. *See id.* The exhibits to the Complaint, other than the declaration, consist of then-current WhoIs records for the three domains. Dkt. Nos. 1-2, 1-3, 1-4.

Though Plaintiff contends that the Complaint was served on February 22, 2022, it appears that none of the defendants received any notice of the case until several months later. By the time

717.com received notice of this action, a report and recommendation had been entered on Plaintiff's motion for default judgment, recommending entry of judgment against Defendant John Doe under the CFAA. Dkt. No. 12. However, as to the only count against the *res* defendants, the Magistrate Judge found that the Complaint failed to establish a violation of the ACPA. *Id.* at 7-8. Specifically, the Magistrate Judge found that Plaintiff failed to sufficiently plead trademark rights in the domain names—a "necessary predicate to an ACPA action." *Id.* at 7. As stated in the Report and Recommendation, the Complaint lacks any allegations of use in commerce sufficient to establish trademark rights, or distinctiveness of the alleged marks, and therefore the ACPA claim fails. *Id.* at 8.

This Court set aside default as to 717.com and co-defendant 1588.com. Dkt. No. 19. On May 13, 2022, the Court issued an order disposing of the case as to the other defendants, and ordered that 717.com and 1588.com respond to the Complaint within 20 days. Dkt. No. 20. *Res* defendant 717.com hereby responds to the Complaint by moving to dismiss for lack of *in rem* jurisdiction and failure to state a claim.

I.  **APPLICABLE LAW**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss a claim or complaint for lack of subject-matter jurisdiction. In addition to the traditional subject-matter inquiries of federal courts, a motion under this rule is an appropriate vehicle to move to dismiss claims in which *in rem* jurisdiction is lacking. *E.g., Prudential Ins. Co. of Am. v. Pru.Com*, No. 1:20-CV-450, 2020 WL 4208447, at *1 (E.D. Va. July 22, 2020) (seeking dismissal of ACPA *in rem* jurisdiction under Rule 12(b)(1)). In the context of the ACPA, *in rem* jurisdiction is only appropriate under one of two scenarios:

2

> the court finds that the owner—
>
> (I) is not able to obtain in personam jurisdiction over a person who would have been a defendant in a civil action under paragraph (1); or
>
> (II) through due diligence was not able to find a person who would have been a defendant in a civil action under paragraph (1) . . . .

15 U.S.C. § 1125(d)(2)(A)(ii). "[T]he structure of the ACPA undoubtedly expresses Congress's preference for *in personam* suits: the holder of a trademark must convince the court that *in personam* jurisdiction over a person is unavailable before an ACPA *in rem* action may proceed." *Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255 (4th Cir. 2002).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "[A] complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Monroe v. City of Charlottesville, Va.*, 579 F.3d 380, 386 (4th Cir. 2009) (internal citation omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a court must accept the material facts alleged in the complaint as true . . . statements of bare legal conclusions are not entitled to the assumption of truth and are insufficient to state a claim." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (internal citation omitted); *see also Iqbal*, 556 U.S. at 678.

## II. ARGUMENT

The only claim against *res* defendant 717.com, the ACPA claim, must be dismissed for two independent reasons. First, Plaintiff cannot demonstrate that *in rem* jurisdiction is appropriate here, where *res* defendant 717.com is subject to personal jurisdiction within the United States, and where the Plaintiff appears to have exercised no due diligence to find and contact any of the owners

of the domain names in question. Second, Plaintiff has failed to state a claim under the ACPA because he has not pleaded any protectable rights in 717.com or any other confusingly similar marks.

A.  **Lack of Subject Matter Jurisdiction**

In order to proceed *in rem* under the ACPA, a plaintiff must demonstrate that, at the time of filing the Complaint, it was (1) either unable to identify a defendant after exercising reasonable diligence, or (2) that at the time of filing the complaint, it was unable to obtain personal jurisdiction over the would-be defendant anywhere in the United States. *See Prudential Ins.*, 2020 WL 4208447, at *5. Neither condition is met here.

First, as to inability "through diligence" to identify a "person who would have been a defendant in a civil action," 15 U.S.C. § 1125(d)(2)(A)(ii)(II), the Plaintiff did not seek to contact the owner of any of the domain names in question. From the Complaint and the Exhibits attached to the Complaint, it appears that the Plaintiff did not do the bare minimum of using the contact owner form available on the WhoIs page for 717.com. The page reads "Select Contact Domain Holder link at https://www.godaddy.com/whois/results.aspx?domain=717.com."

Second, the undersigned defendant, is subject to personal jurisdiction within the United States. *See* 15 U.S.C. § 1125(d)(2)(A)(ii)(I); *see Prudential Ins.*, 2020 WL 4208447, at *5 (finding *in rem* jurisdiction appropriate where the would-be defendant is "not subject to personal jurisdiction in the United States"). Undersigned defendant is an individual living in the State of California. Personal jurisdiction would thus be obtainable in federal court in California.

Plaintiff cannot satisfy either condition for proceeding against 717.com *in rem*. Therefore, this action must be dismissed as to 717.com as a *res* defendant.

B.      **Failure to State a Claim**

The Complaint also does not state a claim against 717.com under the ACPA. An ACPA claim requires that the plaintiff own either registered or common law trademark rights in the mark that the defendant domain name allegedly infringes. 15 U.S.C. 1125(d)(2)(A)(i); *Wagner v. LindaWagner.com*, 202 F. Supp. 3d 574, 580-81 (E.D. Va. Aug. 15, 2016). The latter, common law trademark rights, stem from "actual use of the mark in a given market." *Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 267 (4th Cir. 2003).

Plaintiff has not sufficiently pleaded trademark rights supporting its ACPA claim. Plaintiff has only pleaded purchase of the 717.com domain "as part of his business involving the purchase and sale of domain names for profit." Compl. ¶¶ 16, 17. There are no allegations that Plaintiff registered 717.com as a trademark, nor of use of the domain name in promoting goods and services. Mere ownership, without use, of a domain is insufficient to give rise to common law trademark rights. *See Emergency One*, 332 F.3d at 267 ("At common law, trademark ownership is acquired by actual use of the mark in a given market."); *see also K.F. Davis Eng'g, Inc. v. KFDE.com*, No. 1:19-cv01209-AJT-MSN, 2020 WL 697910, at *3 (E.D. Va. Jan. 7, 2020), *report and recommendation adopted*, No. 1:19-cv-1209-AJT-MSN, 2020 WL 687501 (E.D. Va. Feb. 11, 2020) (finding trademark rights based on "continuous use of a domain name in the promotion of a business"). Indeed, the Magistrate Judge in the matter has already concluded as much, recommending a finding that the Complaint did not establish a violation of the ACPA for want of predicate trademark rights. Dkt. No. 12 at 7-8.

The Complaint fails to plead trademark rights sufficient to support an ACPA claim. Therefore, dismissal is warranted under Federal Rule 12(b)(6). *See Klumba.UA, LLC v.*

*Klumba.Com,* 320 F. Supp. 3d 772, 781 (E.D. Va. 2018) ("[P]laintiff cannot establish common law trademark rights in the United States, and therefore plaintiff's ACPA claim fails.").

Defendant 717.com respectfully requests that the Complaint be dismissed against it. 717.com further requests that the Complaint be dismissed with prejudice, as the lack of *in rem* jurisdiction cannot be corrected by amendment.

Dated: June 1, 2022              By: _____
                                 Dashiell C. Shapiro
                                 Defendant Owner of 717.com *Pro Se*
                                 1175 Miller Avenue
                                 Berkeley, CA 94708
                                 (415) 321-9124
                                 dashiellshapiro@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| VINCENT YAP,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE<br><br>and<br><br>284.COM, 717.COM, and 1588.COM<br><br>Defendants. | Civil Action No. 1:22-cv-170 (AJT/JFA) |

## CERTIFICATE OF SERVICE

I, Dashiell C. Shapiro, hereby certify that on June 2, 2022, I caused the foregoing Motion to Dismiss to be e-mailed to the parties of record.

_____
Dashiell C. Shapiro
Defendant Owner of 717.com *Pro Se*
1175 Miller Avenue
Berkeley, CA 94708
(415) 321-9124
dashiellshapiro@gmail.com

7