IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| VINCENT YAP,<br><br>　　Plaintiff,<br><br>v.<br><br>JOHN DOE<br><br>and<br><br>284.COM, 717.COM, and 1588.COM<br><br>　　Defendants. | Civil Action No. 1:22-cv-170 (AJT/JFA) |

**DEFENDANT 1588.COM'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS**

　　Defendant domain name 1588.com, by counsel, hereby moves to dismiss the claim against it pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). This Court lacks jurisdiction over 1588.com as a *res* defendant under the Anti-Cybersquatting Consumer Protection Act ("ACPA"), as publicly available information (indeed, information attached to the Complaint) identified the registrant of 1588.com, and personal jurisdiction over that registrant is available within the United States. Further, Plaintiff Vincent Yap ("Plaintiff") has failed to state a claim under the ACPA, based on his failure to allege protectable trademark rights. For these reasons, the only claim against 1588.com as a *res* defendant, the ACPA claim, must be dismissed.

I.     **FACTUAL BACKGROUND AS IT PERTAINS TO 1588.COM**

On May 17, 2021, Oren Development LLC, d/b/a Oren LLC ("Oren"),[1] purchased the domain 1588.com through the public auction site Sedo.com.  Declaration of Eli Shoval ("Shoval Decl.") ¶ 3, Ex. B.[2]  By all appearances, the auction was entirely legitimate, and Oren paid what it considered to be fair market value for the domain, $25,388 USD.  *Id*.

Since at least August 9, 2021, WhoIs records for the 1588.com domain name have publicly identified Oren LLC as the owner of the domain name with the location Washington, US.  *Id.* ¶ 4, Ex. C; *see also* Dkt. No. 1-4.  Oren is a Washington state limited liability company, and information regarding its incorporation, address, and registered agent are all readily available by searching for "Oren" on the website for the Washington Corporations and Charities Filing System. *Id.* ¶ 2, Ex. A; *see Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004) (taking judicial notice of state government websites).

On February 17, 2022, Plaintiff filed this action against John Doe and three *res* defendants, 284.com, 717.com, and 1588.com, alleging violations of the ACPA, Computer Fraud and Abuse Act ("CFAA"), Electronic Communications Privacy Act, tortuous interference, conversion, and claims for quiet title and declaratory judgment.  Dkt. No. 1 ("Compl.").  In his Complaint, Plaintiff alleges that the domains were stolen from a secured account by an unknown party, and seeks, *inter alia*, transfer of the domains.  The Complaint does not attach any evidence of Plaintiff's former

---

[1] The current filing is made by 1588.com as a *res* defendant.  The registrant is not a defendant in this action, is not appearing through this filing, and reserves all rights and defenses (including objections to jurisdiction and venue), should Plaintiff seek to include it in this action at a later date.

[2] Evidence outside a complaint may be considered on motions to dismiss for lack of subject matter jurisdiction.  *See JTH Tax, Inc. v. Vacchiano*, Civ. A. No. 2:06-cv-418, 2006 WL 3299996, at *1 (E.D. Va. Oct. 25, 2006) ("To determine whether subject matter jurisdiction exists, the reviewing court may consider evidence outside the pleadings, such as affidavits or depositions, or whatever other evidence has been submitted on the issues.").  With regard to its motion under Rule 12(b)(6), Defendant 1588.com accepts the facts alleged in the Complaint as true for the purposes of this motion only.

ownership of any of the three domains, other than Plaintiff's own declaration.[3]  *See id.*  The exhibits to the Complaint, other than the declaration, consist of then-current WhoIs records for the three domains.  Dkt. Nos. 1-2, 1-3, 1-4.  The WhoIs record relating to 1588.com that is attached to the Complaint identifies its registrant as Oren LLC, located in Washington state.  *See* Dkt. No. 1-4.

Though Plaintiff contends that the Complaint was served on February 22, 2022, Defendant 1588.com first received notice of this action on or around April 26, 2022, when a third party informed it of news reporting about the case.  Shoval Decl. ¶ 5.  Although the registrant of 1588.com was easily identifiable and reachable as a Washington state LLC, 1588.com did not receive notice of the suit (i) through the online portal it identified in its WhoIs contact information, (ii) from the registrar of the domain which Plaintiff purportedly served, (iii) through its registered agent address identified in the Washington Corporations and Charities Filing System, or (iv) through any other means purportedly initiated by Plaintiff.  *Id.*  Immediately upon learning of the action, 1588.com contacted undersigned counsel, who promptly negotiated, prepared, and filed a consent motion setting aside default.  *Id.* ¶ 6; Dkt. No. 18.

By the time 1588.com received notice of this action, a report and recommendation had been entered on Plaintiff's motion for default judgment, recommending entry of judgment against Defendant John Doe under the CFAA.  Dkt. No. 12.  However, as to the only count against the *res* defendants, the Magistrate Judge found that the Complaint failed to establish a violation of the ACPA.  *Id.* at 7-8.  Specifically, the Magistrate Judge found that Plaintiff failed to sufficiently plead trademark rights in the domain names—a "necessary predicate to an ACPA action."  *Id.* at

---

[3] This action is founded on an allegation that Plaintiff previously owned the defendant domain names and that they were stolen from him, and therefore the legitimacy of Plaintiff's claim of past ownership of the domains is of significant concern.  That concern is heightened due to co-defendant 717.com's assertions that its registrant has been targeted with similar claims in the past that were apparently false. Dkt. No. 14.

7. As stated in the Report and Recommendation, the Complaint lacks any allegations of use in commerce sufficient to establish trademark rights, or distinctiveness of the alleged marks, and therefore the ACPA claim fails. *Id.* at 8.

This Court set aside default as to 1588.com and co-defendant 717.com. Dkt. No. 19. On May 13, 2022, the Court issued an order disposing of the case as to the other defendants, and ordered that 717.com and 1588.com respond to the Complaint within 20 days. Dkt. No. 20.

*Res* defendant 1588.com hereby responds to the Complaint by moving to dismiss for lack of *in rem* jurisdiction and failure to state a claim.

## II.  APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss a claim or complaint for lack of subject-matter jurisdiction. In addition to the traditional subject-matter inquiries of federal courts, a motion under this rule is an appropriate vehicle to move to dismiss claims in which *in rem* jurisdiction is lacking. *E.g.*, *Prudential Ins. Co. of Am. v. Pru.Com*, No. 1:20-CV-450, 2020 WL 4208447, at *1 (E.D. Va. July 22, 2020) (seeking dismissal of ACPA *in rem* jurisdiction under Rule 12(b)(1)). In the context of the ACPA, *in rem* jurisdiction is only appropriate under one of two scenarios:

> the court finds that the owner—
>
> (I) is not able to obtain in personam jurisdiction over a person who would have been a defendant in a civil action under paragraph (1); or
>
> (II) through due diligence was not able to find a person who would have been a defendant in a civil action under paragraph (1) . . . .

15 U.S.C. § 1125(d)(2)(A)(ii). "[T]he structure of the ACPA undoubtedly expresses Congress's preference for *in personam* suits: the holder of a trademark must convince the court that *in personam* jurisdiction over a person is unavailable before an ACPA *in rem* action may proceed." *Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255 (4th Cir. 2002).

4

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "[A] complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Monroe v. City of Charlottesville, Va.*, 579 F.3d 380, 386 (4th Cir. 2009) (internal citation omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a court must accept the material facts alleged in the complaint as true . . . statements of bare legal conclusions are not entitled to the assumption of truth and are insufficient to state a claim." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (internal citation omitted); *see also Iqbal*, 556 U.S. at 678.

## I. ARGUMENT

The only claim against *res* defendant 1588.com, the ACPA claim, must be dismissed for two independent reasons. First, Plaintiff cannot demonstrate that *in rem* jurisdiction is appropriate here, where the identity of 1588.com's registrant was known to Plaintiff at the time of filing, and that registrant is subject to personal jurisdiction within the United States. Second, Plaintiff has failed to state a claim under the ACPA because he has not pleaded any protectable rights in 1588.com or any other confusingly similar marks.

### A. Lack of Subject Matter Jurisdiction

In order to proceed *in rem* under the ACPA, a plaintiff must demonstrate that, at the time of filing the Complaint, it was (1) either unable to identify a defendant after exercising reasonable diligence, or (2) that at the time of filing the complaint, it was unable to obtain personal jurisdiction over the would-be defendant anywhere in the United States. *See Prudential Ins.*, 2020 WL 4208447, at *5. Neither condition is met here.

First, as to inability "through diligence" to identify a "person who would have been a

defendant in a civil action," 15 U.S.C. § 1125(d)(2)(A)(ii)(II), the registrant of 1588.com was not only knowable through reasonable diligence, but *was in fact known by Plaintiff at the time of filing the Complaint*. Exhibit C to Plaintiff's Complaint is the WhoIs record for 1588.com, which identifies the registrant as the Washington state entity Oren LLC. Dkt. No. 1-4. A simple search of Washington state's online business records would have immediately identified Oren LLC's formal business entity as Oren Development LLC, and provided its address and registered agent information. Shoval Decl. ¶ 2, Ex. A.

Second, the would-be defendant, Oren, is subject to personal jurisdiction within the United States. *See* 15 U.S.C. § 1125(d)(2)(A)(ii)(I); *see Prudential Ins.*, 2020 WL 4208447, at *5 (finding *in rem* jurisdiction appropriate where the would-be defendant is "not subject to personal jurisdiction in the United States"). Oren is headquartered in and organized under the laws of Washington state (as Plaintiff well knew from the WhoIs information at its disposal at the time of filing the Complaint). Dkt. No. 1-4; Shoval Decl. ¶ 2. Personal jurisdiction is thus plainly obtainable in federal court in Washington.

Plaintiff cannot, and could not at the time of filing the Complaint, satisfy either condition for proceeding against 1588.com *in rem*. Therefore, this action must be dismissed as to 1588.com as a *res* defendant. *Lucent Techs., Inc. v. Lucentsucks.com*, 95 F. Supp. 2d 528 (E.D. Va. 2000) (dismissing *in rem* ACPA complaint where the WhoIs record for the domain identified the domain owner and the plaintiff was well aware of this person's identity and location).

### B. Failure to State a Claim Under the ACPA

Dismissal is also warranted because the Complaint does not state a claim against 1588.com under the ACPA. An ACPA claim requires that the plaintiff own either registered or common law trademark rights in the mark that the defendant domain name allegedly infringes. 15 U.S.C.

6

1125(d)(2)(A)(i); *Wagner v. LindaWagner.com*, 202 F. Supp. 3d 574, 580-81 (E.D. Va. 2016). The latter, common law trademark rights, stem from "actual use of the mark in a given market." *Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 267 (4th Cir. 2003).

Plaintiff has not sufficiently pleaded trademark rights supporting its ACPA claim. Plaintiff has only pleaded purchase of the 1588.com domain "as part of his business involving the purchase and sale of domain names for profit." Compl. ¶¶ 16, 17. There are no allegations that Plaintiff registered 1588.com as a trademark, nor of use of the domain name in promoting goods and services. Mere ownership, without use, of a domain is insufficient to give rise to common law trademark rights. *See Emergency One*, 332 F.3d at 267 ("At common law, trademark ownership is acquired by actual use of the mark in a given market."); *see also K.F. Davis Eng'g, Inc. v. KFDE.com*, No. 1:19-cv01209-AJT-MSN, 2020 WL 697910, at *3 (E.D. Va. Jan. 7, 2020), *report and recommendation adopted*, No. 1:19-cv-1209-AJT-MSN, 2020 WL 687501 (E.D. Va. Feb. 11, 2020) (finding trademark rights based on "continuous use of a domain name in the promotion of a business"). Indeed, the Magistrate Judge in the matter has already concluded as much, recommending a finding that the Complaint did not establish a violation of the ACPA for want of predicate trademark rights. Dkt. No. 12 at 7-8.

The Complaint fails to plead trademark rights sufficient to support an ACPA claim. Therefore, dismissal is warranted under Federal Rule 12(b)(6). *See Klumba.UA, LLC v. Klumba.Com,* 320 F. Supp. 3d 772, 781 (E.D. Va. 2018) ("[P]laintiff cannot establish common law trademark rights in the United States, and therefore plaintiff's ACPA claim fails.").

### III.   CONCLUSION

For the foregoing reasons, Defendant 1588.com respectfully requests that the Complaint be dismissed against it. 1588.com further requests that the Complaint be dismissed with prejudice,

as the lack of *in rem* jurisdiction cannot be corrected by amendment.


Dated: June 2, 2022								By:		/s/ Attison L. Barnes, III
								Attison L. Barnes, III (VA Bar No. 30458)
								David E. Weslow (*for pro hac admission*)
								Adrienne J. Kosak (VA Bar No. 78631)
								WILEY REIN LLP
								2050 M St. NW
								Washington, DC 20036
								(202) 719-7000 (phone)
								(202) 719-7049 (fax)
								abarnes@wiley.law
								dweslow@wiley.law
								akosak@wiley.law

								*Counsel for Defendant 1588.com*

## CERTIFICATE OF SERVICE

I, Attison L. Barnes, III, hereby certify that on June 2, 2022, I caused the foregoing to be electronically served on parties and counsel of record through the CM/ECF system.

  /s/ Attison L. Barnes, III
Attison L. Barnes, III
WILEY REIN LLP
2050 M Street, NW
Washington, DC  20036
Tel: (202) 719-7000
Fax: (202) 719-7049
abarnes@wiley.law

*Counsel for Defendant 1588.com*